[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT MIDDLESEX MUTUAL INSURANCE COMPANY'S MOTION TO STRIKE CT Page 117
The plaintiff has filed a three count revised complaint for damages arising out of a car accident that occurred in May of 1992. The first count alleges that the defendant's decedent, Viola Buzas, was negligent when she failed to yield the right of way and her Ford hit the plaintiff's Lincoln. The second count, against the movant here, alleges that the plaintiff was an insured under a policy which provided uninsured motorist benefits to her, and that a non-contact, unidentified vehicle was partly responsible for the accident, thus triggering the policy provisions which provide for payment by this defendant for the plaintiff's injuries.
The defendant has moved to strike the second count on two grounds: 1) that exhaustion of available liability coverage is necessary to invoke these benefits, and must be pled; and 2) that the coverage provided by the defendant Middlesex does not exceed the available liability coverage, so that no relief can be granted pursuant to the terms of the insurance contract.
The short answer to both of these claims is that they refer to matters outside of the pleadings, namely the terms of the insurance contract between the plaintiff and the defendant Middlesex, for an understanding of what the defendant's and plaintiff's responsibilities are to one another. The plaintiff has alleged that the policy provides for payment of damages as a result of a "hit and run" vehicle's negligence, and that the non-contact vehicle against whom negligence is alleged "is a hit and run vehicle under the terms of the policy". Plaintiff's Revised Complaint, Second Count, para. 10.
The policy may or may not require exhaustion of liability benefits. It may or may not include a non-contact, parked car within the definition of "hit and run" vehicle. The policy may or may not require that its own coverage exceed the available liability coverage, though it would be exceedingly odd for it not to do so.
But the court cannot rely on what is commonly written in such insurance contracts to review the provisions of Middlesex policy number 14-59761-51, however. That statutes and regulations require certain kinds of coverage or certain types of provisions in these CT Page 118 contracts at a minimum, does not mean that this particular contract can be construed in the absence of its presentation to the court.[1]
Nor is such a presentation required at this time.
The plaintiff has pled, albeit sparsely, sufficient facts to state a cause of action in contract. The defendant may deny these facts or allege special defenses. It may be that the defendant can prevail on a motion for summary judgment, but that must await supporting documentation and adequate legal analysis, neither of which is before the court at this time.
The Motion to Strike is denied.
PATTY JENKINS PITTMAN, JUDGE